UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-04624-CAS(PJWx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | WINWIN LOGISTICS, INC. V. JULIE A. SU, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present               Not Present

**Proceedings:**   (IN CHAMBERS): PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER (dkt. 14, filed June 30, 2015)

## I.   INTRODUCTION

On June 18, 2015, plaintiff WinWin Logistics, Inc. ("WinWin"), a corporation engaged in the business of port drayage trucking logistics, filed this lawsuit against defendant Julie A. Su, in her official capacity as Labor Commissioner of the State of California, California Department of Industrial Relations, Division of Labor Standards Enforcement (the "Labor Commissioner"). Dkt. 1. In brief, the complaint alleges that ongoing Division of Labor Standards Enforcement ("DLSE") enforcement actions against WinWin violate WinWin's right to procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 7(a) of the California Constitution. The complaint seeks declaratory and injunctive relief, as well as damages.

On June 30, 2015, plaintiff filed an *ex parte* application for a temporary restraining order. Dkt. 14 ("TRO"). Plaintiff seeks to enjoin the Labor Commissioner and DLSE "from performing any activity in adjudicating claims against WinWin, including holding hearings, making decisions, issuing orders and/or conducting enforcement activities, unless and until such time as an impartial forum . . . is provided at DIR/DLSE expense." TRO at 15. The Labor Commissioner filed an opposition to plaintiff's application on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:15-cv-04624-CAS(PJWx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | WINWIN LOGISTICS, INC. V. JULIE A. SU, ET AL. | | |

July 2, 2015, dkt. 19., to which WinWin replied on July 2, 2015, dkt 24.[1] Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

In California, "[i]f an employer fails to pay wages in the amount, time or manner required by contract or by statute, the employee has two principal options." Sonic-Calabasas A, Inc. v. Moreno, 57 Cal. 4th 1109, 1127 (2013) cert. denied, 134 S. Ct. 2724 (2014). First, "the employee may seek judicial relief by filing an ordinary civil action against the employer for breach of contract and/or for the wages prescribed by statute." Id. at 1127-28. Alternately, "the employee may seek administrative relief by filing a wage claim with the [California Labor] commissioner pursuant to a special statutory scheme codified in [Cal. Lab. Code] section 98 to 98.8." Id. at 1128. Section 98 sets forth remedial procedures for adjudicating wage claims, which are enforced by the DLSE under the direction of the Labor Commissioner. Post v. Palo/Haklar & Associates, 23 Cal. 4th 942, 946 (2000).

The section 98 wage adjudication process "was added by legislation enacted in 1976 [] and is commonly known as the 'Berman' hearing procedure after the name of its sponsor." Sonic-Calabasas, 57 Cal. 4th at 1127 (citations omitted). "A Berman hearing

---

[1] The Labor Commissioner also requests that the Court judicially notice a printout from the website of the National Labor Relations Board. Dkt. 20. The Court GRANTS the Labor Commissioner's request for judicial notice of this information, because it is capable of accurate and ready determination. Fed. R. Evid. 201.

The Labor Commissioner has also filed evidentiary objections to certain portions of the three declarations submitted by plaintiff in support of the instant application, asserting that they lack foundation, constitute hearsay, or are speculative. Dkts. 21-23. However, when considering an application for a temporary restraining order, "[a] trial court may give even inadmissible evidence some weight[.]" Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984). Accordingly, the Court OVERRULES the Labor Commissioner's objections as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**               'O'

| Case No. | 2:15-cv-04624-CAS(PJWx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | WINWIN LOGISTICS, INC. V. JULIE A. SU, ET AL. | | |

is conducted by a deputy [labor] commissioner, who has the authority to issue subpoenas[] . . . [and] is designed to provide a speedy, informal, and affordable method of resolving wage claims." Id. (citations omitted).  An employer has the right to appeal an adverse ruling by the DLSE in a Berman hearing to the California Superior Court, where the appeal "shall be heard *de novo*."  Cal. Lab. Code § 98.2 (a).  In order to file such an appeal, the employer must first "post an undertaking with the reviewing court in the amount of the order, decision, or award."  Id. § 98.2 (b).

As noted above, plaintiff WinWin is a corporation engaged in the business of port drayage trucking logistics.  On September 25, 2012, Eduardo Ixpancoc, a truck driver employed by WinWin, filed a claim with the DLSE alleging that WinWin had misclassified him as an independent contractor, when he should have been classified as an employee (the "Ixpancoc Matter").  TRO at 3.  On December 17, 2013, a Berman hearing was conducted before a DLSE Hearing Officer.  Id. at 4.  By order dated August 14, 2014, the DLSE Hearing Officer concluded that WinWin had indeed misclassified Ixpancoc, and awarded Ixpancoc $204,323.48.  Id; Madala Dec., Ex. 4 (August 14, 2014 Order).

WinWin timely appealed the DLSE decision in the Ixpancoc Matter and posted the requisite bond in late August 2014.  TRO at 2; Kwak Dec. ¶ 4.  That appeal remains pending before the Superior Court for the County of Los Angeles.  Id.

Twenty-two additional misclassification claims—likewise filed by truck drivers against WinWin—are currently pending before the DLSE.  TRO at 2.  WinWin is also a codefendant, along with QTS, Inc. and several other trucking companies, in a class action alleging driver misclassification that is currently pending in California Superior Court.  Id. at 3.  Plaintiffs in the class action are represented by attorneys from the Wage Justice Center, a nonprofit organization.  Id. at 4.  Pursuant to a two year contract, the Wage Justice Center receives $250,000.00 in annual funding from the DLSE to assist in the collection of judgments for amounts payable to workers and the state.  Montealegre Decl. ¶¶ 4-8.

WinWin argues that the DLSE—which is expressly committed to attacking worker misclassification throughout California—cannot provide an impartial forum for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04624-CAS(PJWx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | WINWIN LOGISTICS, INC. V. JULIE A. SU, ET AL. | | |

adjudication of the twenty-two pending misclassification claims. TRO at 1. WinWin further asserts that it "violates fundamental due process to require WinWin to bond adverse decisions from a highly biased tribunal (on pain of judgment), in order to reach what should be guaranteed in the first instance – a neutral forum for determining its liability (or lack thereof)." Id. at 10.

### III. LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20; Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Alternatively, " 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011) (interpreting Winter and explaining that the "sliding scale" test for preliminary injunctive relief remains valid). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

Moreover, "[a] heightened standard is applied where the moving party seeks to enjoin governmental action taken in the public interest pursuant to a statutory or regulatory scheme." Harris v. Bus., Transp. & Hous. Agency, No. C 07-0459, 2007 WL 1140667, at *14 (N.D. Cal. Apr. 17, 2007) (NAACP, Inc. v. Town of East Haven, 70 F.3d 219, 223 (2d Cir.1995)); C.S. ex rel. Struble v. California Dep't of Educ., No. 08-CV-0226, 2008 WL 1925251, at *3 (S.D. Cal. Apr. 30, 2008); Pinnacle Armor, Inc. v. United States, No. CVF 07-1655, 2008 WL 108969, at *5 (E.D. Cal. Jan. 7, 2008). "In such cases, the moving party must establish both irreparable injury and a probability of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04624-CAS(PJWx) | Date | July 8, 2015 |
| Title | WINWIN LOGISTICS, INC. V. JULIE A. SU, ET AL. | | |

success on the merits." Ft. Funston Dog Walkers v. Babbitt, 96 F. Supp. 2d 1021, 1032 (N.D. Cal. 2000) (citing Town of East Haven, 70 F.3d at 223).

## IV.     DISCUSSION

Here, WinWin seeks to enjoin governmental action taken pursuant to the statutory scheme set forth in California Labor Code Section 98. Even without applying the heightened standard associated with such desired relief, discussed supra, the Court concludes that WinWin has failed to demonstrate that it is entitled to a temporary restraining order.

### A.     WinWin's Likelihood of Success on the Merits

Relying on both the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 7(a), of the California Constitution, WinWin contends that "it is being deprived of property without due process because it is being required to either: (a) accept a judgment from a highly biased tribunal; or (b) post a bond for hundreds of thousands (likely millions) of dollars before it can ever reach a neutral forum." TRO at 6.

"At a minimum, Due Process requires a hearing before an impartial tribunal." Clements v. Airport Auth. of Washoe Cnty., 69 F.3d 321, 333 (9th Cir. 1995) (citing Ward v. Village of Monroeville, 409 U.S. 57, 59-60 (1972)). "[T]his neutrality principle. . . applie[s] to a variety of settings, including administrative adjudications[.]" Id. The neutrality inquiry is objective. Hurles v. Ryan, 752 F.3d 768, 788 (9th Cir.) cert. denied, 135 S. Ct. 710 (2014) (citing Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 881(2009)). A party "need not prove actual bias to establish a due process violation, just an intolerable risk of bias." Id. at 789 (citing Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 825 (1986)). "Generally, an adjudication that is tainted by bias can not be constitutionally redeemed by review in an unbiased tribunal." Clements, 69 F.3d at 333 (citing Ward, 409 U.S. 57).

For the following reasons, WinWin asserts that the DLSE "cannot be an impartial decision maker" in the driver misclassification cases currently pending against it. TRO at 9. First, the DIR provides funding to the Wage Justice Center, which is "adverse counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:15-cv-04624-CAS(PJWx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | WINWIN LOGISTICS, INC. V. JULIE A. SU, ET AL. | | |

in one driver misclassification class action against WinWin." Id. at 10. Second, "the DIR/DLSE described itself as in a partnership with [the Wage Justice Center]." Id. And third, "the DIR/DLSE provided adverse counsel in a *de novo* appeal of another driver misclassification case against WinWin." Id. WinWin also contends that the Ixpancoc Order issued against it "appears to have been a boilerplate rubber stamp from a DIR/DLSE driver misclassification case against QTS – WinWin's co-defendant in the driver class action[,]" raising further doubts as to the neutrality of the DLSE. Id. According to WinWin, the Ixpancoc Order "contain[s] blatant inaccuracies," such as "repeatedly referenc[ing] QTS in place of . . . WinWin[,]" and "stat[ing] that the claimant provided receipts for his fuel expenses when in fact, none had been provided." Id. at 4.

     WinWin misapprehends the nature of administrative agencies. WinWin complains that "it is as if the 'judge' has partnered with the 'prosecution' against WinWin in driver misclassification cases pending in superior court, even as it purports to provide an impartial forum for hearing WinWin's driver misclassification cases pending before the DIR/DLSE." TRO at 1. As defendant correctly points out, administrative agencies "simultaneously carry out varied duties," Opp'n at 3. Thus, for example, National Labor Relations Board ("NLRB") personnel investigate and prosecute unfair labor practices, all while other NLRB personnel adjudicate unfair labor practice claims, and still others serve as advocates in NLRB adjudications. Opp'n at 3-4; Def.'s RJN (NLRB website printout). WinWin points to no authority supporting the proposition that the DLSE—or any agency for that matter—violates due process by carrying out these myriad functions.

     Notably, WinWin does not challenge the impartiality of the *specific* DLSE Hearing Officer who adjudicated the Ixpancoc Matter. Although "bias resulting in the denial of a fair hearing may arise when an administrative agency fails to adequately separate its prosecutory and adjudicatory functions *in the same proceeding*," Nick v. City of Lake Forest, 232 Cal. App. 4th 871, 887 (2014) review denied (Mar. 11, 2015) (emphasis added), WinWin does not assert that such a failure occurred here. Instead, WinWin points to errors in the Ixpancoc Order and speculates that an agency tasked with enforcing wage and hour laws necessarily cannot provide a neutral forum for the adjudication of alleged violations of those laws. Such speculation does not support an inference that DLSE hearing officers are biased against WinWin.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04624-CAS(PJWx) | Date | July 8, 2015 |
| Title | WINWIN LOGISTICS, INC. V. JULIE A. SU, ET AL. | | |

Accordingly, the Court concludes that plaintiff is unlikely to succeed on the merits of its due process claim, and likewise has not raised "serious questions" going to the merits.

### B. The Likelihood That WinWin Will Suffer Irreparable Harm

A plaintiff seeking a preliminary injunction must show more than the "possibility" of irreparable injury; he must demonstrate that irreparable injury is "likely" in the absence of preliminary relief. Winter, 555 U.S. at 22; Am. Trucking Ass'n, 559 F.3d at 1052. It is not enough that the claimed harm be irreparable—it also must be imminent. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Further, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief," rather than merely allege imminent harm. Id. (emphasis in original). Conclusory affidavits are insufficient to demonstrate irreparable harm. Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985).

WinWin asserts that it "has already received one unfavorable ruling before the highly biased DIR/DLSE, and can reasonably expect twenty more adverse rulings given this bias." TRO at 11. WinWin assumes, "as is reasonable," that the remaining twenty-two cases will each result in awards comparable to the $200,000 award in the Ixpancoc Matter, and thus asserts that it can anticipate "adverse driver misclassification decisions from the DIR/DLSE of approximately $4,000,000." Id. According to WinWin, this "staggering sum . . . would drive WinWin out of business." Id.

WinWin has failed to establish a likelihood of irreparable harm. First, the harm WinWin asserts it will suffer in the absence of injunctive relief is economic in nature. Where the harm to plaintiff is merely monetary, it "will not usually support injunctive relief." Am. Trucking, 559 F.3d at 1057. See Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir.1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because *such injury can be remedied by a damage award.*" (emphasis added)). Second, WinWin has not proffered evidence that this alleged harm is imminent. Although the DLSE has issued the Ixpancoc Order, WinWin provides no information as to the DLSE timeline for ruling on the remaining twenty-two claims. Finally, and perhaps most importantly, harm that is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04624-CAS(PJWx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | WINWIN LOGISTICS, INC. V. JULIE A. SU, ET AL. | | |

"merely speculative" does not support injunctive relief. Am. Trucking, 559 F.3d at 1057. Here, the alleged harm entails at least three levels of speculation: first, that the remaining twenty-two claims pending before the DLSE will all result in adverse decisions against WinWin; second, that the sum total of these adverse decisions will approximate $4 million dollars; and third, that posting a bond of $4 million dollars to appeal these adverse decisions will drive WinWin out of business. Indeed, WinWin's assertion that it will be driven out of business if required to post such a bond is based exclusively on the conclusory affidavit—unsupported by any financial data—of WinWin's *former* president. Am. Passage Media Corp., 750 F.2d at 1473. Moreover, if WinWin is unable to comply with a bond requirement, it may seek "a court order waiving the requirement of a bond or undertaking on the grounds of both indigency and inability to obtain the necessary bond." Williams v. FreedomCard, Inc., 123 Cal. App. 4th 609, 614 (2004).

In sum, plaintiff has not demonstrated that it is likely to suffer irreparable harm in the absence of an injunction.

### C. The Balance of Hardships

In balancing the equities, the Court must evaluate the interim harm defendant is likely to sustain if the injunction is granted, and compare it with the harm plaintiff is likely to suffer if an injunction is denied. Winter, 555 U.S. at 24. WinWin contends that the balance of equities "tips sharply in its favor," because the DLSE "has poisoned the well in driver misclassification cases," and thus "can hardly be heard to complain if it must fund the cost of going to a clean well – *i.e*., a truly neutral arbiter." TRO at 13. The Court disagrees. WinWin's argument not only assumes the likelihood of success on the merits—an unlikely proposition—it fails to account for the cost to the state—i.e., California tax payers—of adjudicating claims before private arbitrators. WinWin thus has not carried its burden to demonstrate that the balance of hardships tips in its favor, sharply or otherwise.

### D. The Public Interest

Lastly, WinWin contends that the requested injunction is in the public interest because "the public's trust and confidence in the judicial system" would be undermined "if access to the justice system was denied (or restricted) by having to bond an order from a highly biased tribunal." TRO at 14. Accordingly, WinWin asserts that injunctive relief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04624-CAS(PJWx) | Date | July 8, 2015 |
| Title | WINWIN LOGISTICS, INC. V. JULIE A. SU, ET AL. | | |

is necessary to prevent situations in which "only the wealthy c[an] afford to defend themselves." Id.

"When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be 'at most a neutral factor in the analysis rather than one that favor[s] [granting or] denying the preliminary injunction.'" Stormans, Inc. v. Selecky,, 586 F.3d 1109, 1138–39 (9th Cir. 2009) (quoting Bernhardt v. L.A. County, 339 F.3d 920, 931 (9th Cir.2003)). "If, however, the impact of an injunction reaches beyond the parties, carrying with it a potential for public consequences, the public interest will be relevant to whether the district court grants the preliminary injunction." Id. at 1139 (citing Sammartano v. First Judicial Dist. Court, 303 F.3d 959, 965 (9th Cir. 2002)).

Here, the interests of third parties are implicated—namely, the interests of twenty-two claimants with matters pending against WinWin before the DLSE. As defendant correctly points out, granting WinWin's requested relief would require these claimants "to prosecute their claims in the more formalistic JAMS or AAA settings without the assistance of representation." Opp'n at 7. The Court concludes that it would not serve the public interest to enjoin the functioning of a statutory scheme enacted by the California Legislature "to provide a speedy, informal, and affordable method of resolving wage claims," Sonic-Calabasas, 57 Cal. 4th at 1127, in favor of a judicially imposed private arbitration scheme.

In sum, WinWin has not carried its burden to demonstrate that it is entitled to a temporary restraining order.

## V. CONCLUSION

In accordance with the foregoing, plaintiff's application is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |